

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
801 BRICKELL AVENUE, SUITE 1950
MIAMI, FLORIDA 33131

MIAMI REGIONAL OFFICE

**DIVISION OF ENFORCEMENT**

AMIE RIGGLE BERLIN
SENIOR TRIAL COUNSEL
DIRECT DIAL: (305) 982-6322
EMAIL: BERLINA@SEC.GOV

January 12, 2021

VIA ECF
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street New York,
NY 10007-1312

  Re: *S.E.C. v. Michael Ackerman,* Case No. 1:20-cv-01181-NRB

Dear Judge Buchwald:

  Pursuant to Section 2(E)(1) of your individual practices, this letter outlines the substantive arguments advanced in Plaintiff's Motion for Entry of Default Judgment against Defendant Michael Ackerman.

### **Procedural History and Request for Default**

  On February 11, 2020, Plaintiff Securities and Exchange Commission filed its Complaint in this action against Defendants Michael Ackerman ("Ackerman"), seeking injunctive relief, disgorgement of ill-gotten gains with prejudgment interest, and a civil money penalty for violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] (Counts I-III), and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [17 C.F.R. § 240.10b-5] (Counts IV-VI)., for violations of the Commodity Exchange Act and its implementing regulations.

  The Commission's claims arise from Ackerman operating a fraudulent securities offering scheme through two entities he controlled, Q3 Trading Club and Q3 I, LP ("Q3 I") (collectively, the "Q3 Companies").

Ackerman was properly served with process by personal service on February 25, 2020. [D.E. 7]. Ackerman failed to appear or answer the Complaint, and the Clerk of Court entered a certificate of default against him on July 28, 2020. [D.E. 11]. Plaintiff now moves for a default judgment by default against Ackerman.

## Requested Relief

### *Permanent Injunction*

As set forth in the Complaint, Ackerman knowingly misappropriated investor funds for his own personal use, in direct contravention of the promises he made to investors. To conceal his misconduct, Ackerman fabricated account balances and used investor money to pay investor their purported investment returns in Ponzi-like fashion. The conduct was not isolated, but occurred over the course of years. Given the egregious nature of the misconduct, Ackerman's high degree of scienter, and Ackerman's failure to take any responsibility for his actions, the Commission requests that the Court enter a permanent injunction against Ackerman.

### *Disgorgement, Prejudgment Interest, and Civil Money Penalties*

The Commission also seeks an Order directing Ackerman to disgorge his ill-gotten gains with prejudgment interest, and to pay a civil money penalty. The Commission asks that the Court enter this relief but determine the amounts of disgorgement and a civil penalty after the resolution of two parallel matters that must conclude before this Court can determine the appropriate disgorgement and penalty amounts in this case: *CFTC v. Ackerman*, 1:20-cv-01183-NRB (SDNY), *U.S. v. Ackerman*, 20-cr-00093-LTS (SDNY).

Ackerman can only be ordered to disgorge his ill-gotten gains once. In the instant case, the Commission has alleged that Ackerman misappropriated about $7.5 million from investors. In a parallel case pending before this Court, the Commodity Futures Trading Commission is seeking restitution from Ackerman and the Q3 Companies based on the same fraud at issue in this case. *CFTC v. Ackerman*, 1:20-cv-01183-NRB. In the CFTC case, the CFTC has filed a motion for final judgment by default in which it seeks restitution of about $23 million, an amount equal to the amount of the alleged customer losses. Meanwhile, in the criminal case, the government is seeking restitution against Ackerman. Once the restitution amounts in these two cases are ordered, this Court will be able to determine what, if any, amount remains that Ackerman can be ordered to disgorge in this case based on his misappropriation of investor funds. Therefore, the Commission respectfully asks that this Court

direct the Commission to file a supplemental memorandum on disgorgement after restitution, if any, has been ordered in both the pending CFTC and criminal cases against Ackerman.

As to the civil penalty amount, the criminal case against Ackerman, based on the same underlying fraud at issue in this case, could result in a sentence. Any sentence against Ackerman must be considered in determining what, if any, civil penalty, should be imposed against Ackerman in this case. A punishment, including a sentence, in another case for the same misconduct is a factor considered in assessing an appropriate civil money penalty for a securities law violation. Accordingly, the Court should reserve setting the civil penalty amount against Ackerman until after his sentencing.

Thus, the Commission is seeking entry of an Order of Default Judgment against Ackerman that imposes a permanent injunction, with the amounts of disgorgement and a civil penalty being determined upon the Commission's supplemental filing after the Court has entered restitution in the CFTC and criminal cases against Ackerman and after Ackerman has been sentenced. As set forth above, this is will avoid an Order directing Ackerman to disgorge his ill-gotten gains more than once and will allow the Court to set a civil money penalty that takes into consideration the sentence, if any, imposed against Ackerman.

Respectfully submitted,

s/Amie Riggle Berlin
Amie Riggle Berlin
Senior Trial Counsel
N.Y. Bar No. 3052685
Direct Dial: (305) 982-6322
Email: BerlinA@sec.gov

**Attorney for Plaintiff Securities and Exchange Commission**