**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,                                               Civil Action No. 1:20-cv-1181

v.

MICHAEL W. ACKERMAN,

    Defendant.

_____/

**NOTICE OF MOTION FOR ENTRY OF DEFAULT JUDGMENT,
IMPOSING A PERMANENT INJUNCTION AND OTHER RELIEF
AGAINST DEFENDANT MICHAEL ACKERMAN,
<u>WITH THE MONETARY AMOUNTS TO BE DETERMINED</u>**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(b), Plaintiff Securities and Exchange Commission ("Commission") respectfully requests that the Court enter default judgment against Defendant Michael Ackerman ("Ackerman") and issue an order, in the form of the proposed judgment submitted herewith, that finds Ackerman liable for violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] (Counts I-III of the Complaint), and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act) [17 C.F.R. § 240.10b-5] (Counts IV-VI); and grants permanent injunctive relief and disgorgement and a civil monetary penalty with the amounts to be determined after Ackerman's sentencing and restitution have been ordered in the parallel criminal case pending against him, *U.S. v. Ackerman*, 20-cr-00093-LTS (SDNY).

In support of this Motion, the Commission submits an accompanying Memorandum of Law and the Declaration of Amie Riggle Berlin, which includes, pursuant to Local Civil Rule 55.2(b) and ECF Rule 16.4, a copy of the Complaint (ECF No. 1) to which no response has been made, a copy of the Summons (ECF No. 6), Proof of Service of the Summons and Complaint (ECF

No. 7), a copy of the Clerk's Certificate of Default for Ackerman (ECF No. 11). In its Motion, the Commission requests that the Court determine the amount of disgorgement against Ackerman after restitution has been entered in the parallel cases, *CFTC v. Ackerman*, 20-01183-NRB (SDNY) and *U.S. v. Ackerman*, 20-cr-00093-LTS (SDNY). These restitution amounts will necessarily impact the amount of restitution the Court can order against Ackerman in this case, and the calculation of damages/disgorgement in this case will depend on those figures. Accordingly, we ask to file that calculation after the restitution has been determined in the parallel cases to avoid the imposition of excessive disgorgement entries. We also request that the Court determine the civil monetary penalty after the sentencing in the parallel criminal case against Ackerman, *U.S. v. Ackerman*, 20-cr-00093-LTS (SDNY).

| | |
|---|---|
| January 12, 2021 | By: s/ Amie Riggle Berlin<br>Amie Riggle Berlin, Esq.<br>Senior Trial Counsel<br>Florida Bar No. 630020<br>Direct Dial: (305) 982-6322<br>berlina@sec.gov<br><br>Securities and Exchange Commission<br>801 Brickell Avenue<br>Suite 1800<br>Miami, Florida 33131<br>Tel: (305) 982-6300<br>Facsimile: (305) 536-4154 |