

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
801 BRICKELL AVENUE, SUITE 1950
MIAMI, FLORIDA 33131

MIAMI
REGIONAL OFFICE

**DIVISION OF ENFORCEMENT**

AMIE RIGGLE BERLIN
SENIOR TRIAL COUNSEL
DIRECT DIAL: (305) 982-6322
EMAIL: BERLINA@SEC.GOV

December 2, 2022

<u>VIA ECF</u>
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street New York,
NY 10007-1312

    Re: *S.E.C. v. Michael Ackerman,* Case No. 1:20-cv-01181-NRB

Dear Judge Buchwald:

    Pursuant to Section 2(E)(1) of your individual practices, this letter outlines the substantive arguments advanced in Plaintiff's Motion for Entry of Default Judgment against Defendant Michael Ackerman.

## Procedural History and Request for Default

    On February 11, 2020, Plaintiff Securities and Exchange Commission filed its Complaint in this action against Defendants Michael Ackerman ("Ackerman"), seeking injunctive relief, disgorgement of ill-gotten gains with prejudgment interest, and a civil money penalty for violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] (Counts I-III), and Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act) [17 C.F.R. § 240.10b-5] (Counts IV-VI), for violations of the Commodity Exchange Act and its

implementing regulations [ECF No. 1]. The Commission's claims arise from Ackerman operating a fraudulent securities offering scheme through two entities he controlled, Q3 Trading Club and Q3 I, LP ("Q3 I") (collectively, the "Q3 Companies").

Ackerman was properly served with process by personal service on February 25, 2020 [ECF No. 7]. Ackerman failed to appear or answer the Complaint, and the Clerk of Court entered a certificate of default against him on July 28, 2020 [ECF No. 11]. Plaintiff previously filed a motion for default judgment against Ackerman, advising that the resolution of the parallel criminal case against Ackerman, *U.S. v. Ackerman*, 20-cr-00093-LTS (SDNY), should be considered in determining the appropriate disgorgement and civil money penalty amounts ordered in this case [ECF No. 14]. Accordingly, the Court denied the Commission's Motion without prejudice and granted the Commission leave to file a renewed Motion for default judgment against Ackerman after the resolution of the parallel criminal case against him [ECF No. 18]. The parallel criminal case has now been resolved, and accordingly the Commission files its renewed Motion.

## Requested Relief

### *Permanent Injunction*

As set forth in the Complaint, Ackerman knowingly misappropriated investor funds for his own personal use, in direct contravention of the promises he made to investors. To conceal his misconduct, Ackerman fabricated account balances and used investor money to pay investor their purported investment returns in Ponzi-like fashion. The conduct was not isolated, but occurred over the course of years. Given the egregious nature of the misconduct, Ackerman's high degree of scienter, and Ackerman's failure to take any responsibility for his actions, the Commission requests that the Court enter a permanent injunction against Ackerman.

*Disgorgement, Prejudgment Interest, and Civil Money Penalties*

The Commission also seeks an Order holding Ackerman liable for $27,180,574 in disgorgement and $3,122,944.62 in prejudgment interest, and deeming these amounts satisfied by the Order of Restitution entered against Ackerman in the parallel criminal case.  The Order of Restitution concerns the same funds and victims at issue in this case.  Because disgorgement can only be collected against a Defendant once, the Court should order disgorgment but deem it satisfied by the payment of restitution in the parallel criminal case, which has ordered these funds be distributed to the victims.

As for a civil monetary penalty, the Commission voluntary dismisses its request for this relief.  Ackerman has been sentenced in the parallel criminal case and the Commodity Future Trading Commission is seeking civil monetary penalties against Ackerman in a parallel case pending before this Court, *CFTC v. Ackerman*, 1:20-cv-01183-NRB (SDNY), *U.S. v. Ackerman*, 20-cr-00093-LTS (SDNY).

Thus, the Commission is seeking entry of an Order of Default Judgment against Ackerman that imposes: (i) a permanent injunction; (ii) disgorgement and prejudgment interest totaling $30,303,518.62, with the monetary relief deemed satisfied by payment of the Order of Restittuion in the criminal case; and (iii) the dismissal of the request for civil monetary penalties against Ackerman.

Respectfully submitted,

s/Amie Riggle Berlin
Amie Riggle Berlin, Esq.
Senior Trial Counsel
N.Y. Bar No. 3052685
Direct Dial: (305) 982-6322
Email: BerlinA@sec.gov
**Attorney for Plaintiff**
**Securities and Exchange Commission**